**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

NICOLE M. WALSH,                                      )
                                                     )
        Plaintiff,                          )
                                                     )
vs.                                                  )      Case No. 4:17-cv-00664-NKL
                                                     )
                                                     )
ADAM C. ARBUCKLE, and                                )
GEICO CASUALTY COMPANY,                              )
                                                     )
        Defendants.                         )

**ORDER**

Plaintiff Nicole Walsh moves to remand this action to the Circuit Court of Jackson County, Missouri for lack of subject matter jurisdiction, [Doc. [6]]. For the following reasons, the Motion to Remand is granted. Because the Court grants Plaintiff's Motion to Remand, Defendant's Motion to Consolidate, [Doc. [8]], is denied for lack of subject matter jurisdiction.

## I.      Introduction

On February 14, 2016, Plaintiff Nicole Walsh was seriously injured in an automobile collision with Defendant Adam Arbuckle. Arbuckle was insured under two American Family car insurance policies, and subsequently entered into an agreement (the "Agreement") with Walsh, under Missouri Revised Statute § 537.065. In the Agreement, Arbuckle acknowledged he was at fault for the collision, but the parties agreed Walsh would bring a lawsuit in Jackson County, Missouri to determine the extent of her injuries and the value of her damages. The collection of any judgment would be limited to available insurance coverage and any bad faith claim against American Family. American Family, the insurer of Arbuckle, agreed to pay the per-person policy limit of one of the relevant insurance policies, which amounted to $100,000. Walsh thereafter commenced this action against Arbuckle in state court, on January 9, 2017.

Walsh also has underinsured motorist coverage through her own insurer, Geico. She filed a UIM claim after her collision with Arbuckle, and took the position that her policy, which covers three vehicles, permits "stacking." She asserts her policy has a combined limit of $150,000. In December 2016, Geico informed Walsh that it would agree to pay $50,000, but informed her that it believed the policy does not permit stacking. In light of the dispute, Geico filed a declaratory judgment action in this Court on June 15, 2017. On July 24, 2017, Walsh amended her petition in the state court case. In addition to her claims against Arbuckle, the amended petition added Geico as a defendant and seeks judicial interpretation of the Geico policy, as well as a claim for vexatious delay in paying.

Geico subsequently removed the case to federal court on the basis of diversity citizenship and fraudulent joinder. Walsh moves to remand.

## II.     Discussion

It is undisputed that Walsh and Arbuckle are Missouri citizens, such that diversity jurisdiction does not exist unless Arbuckle has been fraudulently joined. Upon removing an action to federal court, the defendant bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Baumgartner v. Ford Motor Credit Co.*, 2007 WL 2026135, at *1 (W.D. Mo. July 9, 2007) (citing *In re Business Men's Assurance Co. of America*, 992 F2d 181, 183 (8th Cir. 1993)). Geico contends that in light of the Agreement between Walsh and Arbuckle concerning the underlying tort, Arbuckle no

longer has an interest in the matter and is merely a fraudulently joined "nominal party." [Doc. 7, p. 3].

Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 1993). Fraudulent joinder occurs, and federal jurisdiction will be retained, if there is "no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810. Nominal defendants are "those against whom no real relief is sought . . . ." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *see also Dumas v. Patel*, 317 F.Supp.2d 1111, 1113 n.5 (W.D. Mo. 2004) ("A nominal party has been defined as 'a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.'") (quoting *Black's Law Dictionary* 1145 (7th ed.1999)). "[M]ost lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." *Balling v. Bendickson*, No. 4:12-CV-860 CAS, 2012 WL 3715810, at *2 (E.D. Mo. Aug. 27, 2012).

Both parties cite to the same case in support of their arguments, *Dumas v. Patel*. Geico quotes *Dumas* for the proposition that "where a plaintiff settles his controversy with a resident defendant, the controversy against the remaining nonresident defendant is then removable irrespective of whether a formal dismissal as to the resident defendant has been entered." [Doc. 7, p. 3] (quoting *Dumas*, 317 F.Supp.2d at 1115). However, that quote is merely a description of another court's decision, which involved circumstances inapposite to the present matter. *Id.* (citing *Gable v. Chicago, M., St. P. & P.R. Co.*, 8 F.Supp. 944 (W.D.Mo.1934)). In *Gable*, a

3

plaintiff entered into a binding and final settlement agreement with one defendant, but then did not seek his dismissal solely for the purpose of defeating diversity. *Gable*, 8 F.Supp at 945. Although the quote Geico relies on is correct, *Gable* clarifies that, "[a]ll that has been said is that where clear and convincing proof has been made that a plaintiff has extinguished his cause of action against the resident defendant by a binding and final settlement, however evidenced, then the controversy with the nonresident remaining is removable." *Id.* at 946. *Gable* did not contemplate an agreement such as the one between Walsh and Arbuckle, where no cause of action has been "extinguished."

Moreover, as Walsh argues, the ultimate decision in *Dumas* strikes against Geico's position. Similar to the present matter, *Dumas* involved an agreement between plaintiffs and a resident defendant "to limit recovery and not to enforce judgment." *Dumas*, 317 F. Supp. 2d at 1112-13. There, co-defendants removed the case to federal court on a theory of fraudulent joinder in light of the agreement. The court remanded the case, however, finding that "[s]ince [the defendant] remains technically exposed to entry of a judgment for his tortious conduct, . . . Missouri cases show that it is not necessary that plaintiffs continue to seek serious damages from him, or intend to execute on any judgment obtained. He apparently may be sued in the Missouri courts." *Id.* at 1117.

Geico also cites this Court's decision in *Heckenmeyer v. Healea* for the proposition that "a defendant becomes nominal if the plaintiff has settled with or obtained a judgment against that defendant." [Doc. 7, p. 3] (citing *Heckenmeyer v. Healea*, No. 2:16-CV-04231-NKL, 2016 WL 6436572, at *3 (W.D. Mo. Oct. 31, 2016)). However, for the same reason *Gable* is irrelevant, so too is *Heckenmeyer*. Once again, *Heckenmeyer* contemplated a complete settlement that extinguishes a claim, rather than an agreement under Section 537.065. *Id.* Furthermore, there the

Court simply addressed a hypothetical posed by the plaintiffs, and in no way asserted a rule of law as definite as Geico would suggest. *Heckenmeyer* has no bearing on the present matter.

Arbuckle has admitted fault for the automobile collision, but has not agreed to any damages assessment. To the contrary, Walsh will seek serious damages from Arbuckle, and he may contest any issue related to Walsh's injuries and the damages. Indeed, Arbuckle has raised several affirmative defenses and also alleged intervening and superseding causes. He may even ultimately argue that Walsh's injuries were not caused by the collision. Additionally, Arbuckle's insurer is a party to the Agreement, has hired an attorney to defend him, and as the one who must pay, has an interest in keeping any damages judgment as low as possible.

Currently, there is no money judgment against Arbuckle, and Walsh has not fully released him. Despite the presence of an agreement to limit her method of recovery, litigation between Walsh and Arbuckle is ongoing and meaningful. Geico has provided no controlling case law for the proposition that a defendant becomes a nominal party whenever his ultimate exposure is limited to an insurance policy. *Cf. Balling v. Bendickson*, No. 4:12-CV-860 CAS, 2012 WL 3715810, at *4 (E.D. Mo. 2012) ("[Defendant] has a stake in [the] litigation because plaintiff seeks a judgment against her—regardless of who pays it."). Arbuckle is not a nominal party, and complete diversity does not exist. Therefore, the Court does not have subject matter jurisdiction over the matter.

## III.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand, [Doc. [6]], is granted. Because the Court grants Plaintiff's Motion to Remand, Defendant's Motion to Consolidate, [Doc. [8]], is denied for lack of subject matter jurisdiction.


                                                    s/ Nanette K. Laughrey

NANETTE K. LAUGHREY
United States District Judge

Dated: <u>October 10, 2017</u>
Jefferson City, Missouri